CMC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELDON C. OLIVER,<br><br>   Plaintiff,<br><br>v.<br><br>DR. STADNICKI, et. al.,<br><br>   Defendants. | No. 14 C 9149<br><br>Judge Charles R. Norgle, Sr. |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sheldon Oliver brings this *pro se* civil right action under 42 U.S.C. § 1983 against jail physicians Chris Stadnicki and Carlos Altez ("Defendants"). Oliver alleges that Drs. Stadnicki and Altez were deliberately indifferent to his serious medical need. Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 16, Def.'s Mot. to Dismiss). For the reasons stated below, Defendants' motion is granted in part and denied in part.

## BACKGROUND

Oliver is an inmate at the Cook County Jail. (*See* R. 8, Compl. at 4.) Defendants Dr. Stadnicki and Dr. Altez are physicians at the jail. (*See id.* at 5-6.) According to Oliver, on intake into the jail, he was diagnosed with a mild foot fungus and prescribed Miconazole, a topical cream for athlete's foot. (*Id.* at 4.) About one month later, Oliver asked to see a nurse or doctor when his foot fungus worsened from taking showers. (*Id.*) Oliver met with a nurse who again prescribed him Miconazole, despite Oliver explaining that "the cream [was] not working" and that his "conditions [had] gotten worse." (*Id.*) The nurse scheduled Oliver to see a doctor and podiatrist, but still gave him the Miconazole to use in the interim. (*Id.*)

Oliver subsequently caught an "infection" that caused his feet to "itch profusely," "flake," and "peel." (*Id.* at 4.) His feet developed "open sores " and "pustules" that "leak[ed] clear fluid." (*Id.* at 4-5.) Oliver filed a grievance complaining of the "very long" wait to see a doctor about his feet. (*Id.* at 5.) The jail's response, which Oliver later appealed, asked Oliver to "be patient" and confirmed that he was scheduled for a doctor visit. (*Id.*) Sometime thereafter, Oliver met with Dr. Stadnicki, who explained that Oliver might need "a pill that cures foot fungus[,] but it is costly and hard on your liver." (*Id.*) Oliver told Dr. Stadnicki that prior lab tests had shown his liver was "fine" and that he would prefer to take an oral medication instead of the Miconazole because it was ineffective. (*Id.*) Dr. Stadnicki told Oliver to keep using the Miconazole. (*Id.*) Oliver then met with a podiatrist who recommended that Oliver "be given medication orally for foot fungus." (*Id.* at 6). When Oliver returned to Division II he saw Dr. Altez, who prescribed him Fluconazole at a dosage of 150 mg per week for six weeks. (*Id.* at 6.)

Oliver then brought this federal lawsuit alleging that Drs. Stadnicki and Altez were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when treating his foot condition. (R. 8, Compl.) Before the Court is Defendants' Motion to Dismiss under Rule 12(b)(6).[1] (R. 16, Def.'s Mot.)

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). In deciding a motion under Rule 12(b)(6), the Court views the complaint in the light most favorable to the non-movant, accepts all well-pleaded factual allegations as true, and draws all reasonable

---

[1] Defendants also moved to strike Oliver's response because it was submitted two weeks after the filing deadline. (*See* Def.'s Mot.) Given Oliver's *pro se* status, however, the Court finds that Oliver's late filing is excusable because it did not prejudice Defendants.

inferences in the non-movant's favor. *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014). The Court may also consider facts set forth in the non-movant's brief opposing dismissal, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

A claim survives a challenge under Rule 12(b)(6) when it "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard does not ask for detailed factual allegations, but "plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). And while it is true that "courts should not accept as adequate abstract recitations of the elements of a cause of action," *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), the Court must "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers," *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## ANALYSIS

The Fourteenth Amendment prohibits "deliberate indifference to the serious medical needs of pretrial detainees." *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). When a jail official acts with deliberate indifference to an inmate's serious medical need, section 1983 enables the inmate to bring a civil lawsuit against the official in his or her individual capacity. *See Pittman ex rel. Hamilton v. County of Madison*, 746 F.3d 766, 775 (2014). This is true for

doctors responding to an inmate's medical needs and for guards that intentionally deny, delay, or interfere with an inmate's treatment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

To establish a claim of deliberate indifference, an inmate must allege facts showing that 1) he or she suffered from an objectively serious medical condition, and 2) a corrections official acted with deliberate indifference to that condition. *See Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014). "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Deliberate indifference also occurs when a treating physician consciously disregards a risk to an inmate's health, *see Townsend*, 759 F.3d at 689, or the physician's treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate [an inmate's] condition," *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (internal quotation marks and citation omitted).

Defendants first argue that Oliver's foot condition cannot be considered an objectively serious medical condition. (R. 16, Def.'s Mot. at 4.) Defendants rely on district court holdings, in this district and elsewhere, in which courts have found that "athlete's foot" does not amount to a serious medical condition as a matter of law. *See, e.g., Smith v. Schwartz*, 2011 U.S. Dist. LEXIS 56242, *11-12 (S.D. Ill. May 26, 2011) (holding that plaintiff's "itching, athlete's foot, chafing, [and] peeling skin" caused by the "inability to shower" while the prison was "locked down [did] not show a serious medical condition"); *Walker v. Dart*, 2010 U.S. Dist. LEXIS 14638, *9 (N.D. Ill. Feb. 19, 2010) (holding that plaintiff failed to state a claim where his "athlete's foot" was caused by "the shower area and the recreation room [being] frequently flooded" because he suffered no "serious physical injury"); *Cox v. Hartshorn*, 503 F. Supp. 2d 1078, 1082-83 (C.D. Ill. 2007) (holding that plaintiff's "itchy, rash-like bumps" on his feet were

4

not objectively serious when plaintiff "did not make any other requests for medical treatment" for nearly five months); *Rogers v. Allen County Jail*, 2006 U.S. Dist. LEXIS 35094, *2 (N.D. Ind. May 25, 2006) (holding that plaintiff's "athlete's foot" caused by "[s]haring a dirty shower" was "inconvenient or uncomfortable" but not "a serious medical need"). Defendants, however, do not address Oliver's contention that, although his condition started as a mild foot fungus, it allegedly progressed to an infection that caused open sores on his feet.

Accepting all of Oliver's allegations as true and viewing them in the light most favorable to him, the Court finds that Oliver alleged a sufficiently serious medical condition to support a claim of deliberate indifference. Unlike the inmates in *Smith*, *Walker*, and *Cox*, who appear to have suffered from an ordinary case of "athlete's foot," Oliver alleges that he ultimately developed an infection that caused open sores on his feet that leaked fluid. (*See* R. 8, Compl. at 5.) The fact that the Miconazole did not improve Oliver's condition also lends some support to his contention that his condition was more than a simple case of foot fungus. Consequently, Oliver is entitled to an inference, at this stage of the litigation, that his medical condition was objectively serious.

Defendants next argue that the facts alleged by Oliver cannot support a claim for deliberate indifference. (R. 16, Def's Mot. at 5.) In particular, Defendants argue that Oliver's claim fails because Defendants "treated [Plaintiff's] foot," "prescribed medication," and were generally "responsive to [his] concerns." (R. 20, Def.'s Reply at 2.) Defendants thus appear to contend that their collective conduct does not amount to a constitutional violation.

A jail physician acts with deliberate indifference when he or she consciously disregards a "substantial risk of serious harm" to an inmate's health. *Pittman*, 746 F.3d at 776. Deliberate indifference requires "[s]omething more than negligence or even malpractice . . . ," *Pyles*, 771

F.3d at 409, and the fact that an inmate received some treatment does not necessarily foreclose his claim for deliberate indifference, *Arnett*, 658 F.3d at 751. Mere disagreement between an inmate and his doctor, however, is insufficient to establish deliberate indifference. *Pyles*, 771 F.3d at 409.

Oliver has stated a claim against Dr. Stadnicki insofar as Oliver alleges that Stadnicki denied him an oral medication to treat his foot condition that was later deemed necessary by a podiatrist. Moreover, according to Oliver, the reason Stadnicki denied him the recommended treatment was because of cost. Such allegation is sufficient to support a claim for deliberate indifference. *See Gulley v. Ghosh*, 864 F. Supp. 2d 725, 279 (N.D. Ill. 2012) (finding that allegation suggesting prison physician chose course of treatment based on cost rather than sound medical judgment was sufficient to state a claim of deliberate indifference). While a more complete record may show that the treatment pursued by Stadnicki was not constitutionally deficient, dismissal of the claim against Stadnicki is not appropriate at this time.

Oliver, however, does not state a plausible claim for relief against Dr. Altez. Oliver alleges that Altez examined his foot and recommended a six-week course of treatment with the medication recommended by the podiatrist and requested by Oliver. While Oliver contends that he did not receive the medication for long enough to cure his condition (Pl. Resp. at 2), Altez's decision to initially prescribe Fluconazole for six weeks is a "decision to pursue a particular course of treatment" and an area into which "[t]he federal courts will not interfere. . . ." *Pyles*, 771 F.3d at 409. Even giving Oliver's complaint the liberal reading it must, the allegation that Altez did not prescribe the "right kind" of medication or that he did so for an inadequate duration, does not state a claim for relief. *See id.* (explaining that disagreement between an

inmate and doctor over the proper course of treatment does not implicate the Eighth Amendment). Accordingly, Altez is dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is DENIED as to Dr. Chris Stadnicki and GRANTED as to Dr. Carlos Altez. Dr. Altez is dismissed without prejudice as a defendant to this action.

Dated: 7-10-15    /s/ Charles Norgle